UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOLA ANN BRANNUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:05CV01060 ERW |
| | ) |
| MISSOURI DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Lola Ann Brannum for leave to commence this action without payment of the required filing fee pursuant to 28 U.S.C. § 1915(a)(1). Upon review of plaintiff's financial affidavit, the Court will deny her leave to proceed in forma pauperis.

### Financial Affidavit

In her financial affidavit, plaintiff states that (1) she is employed as a corrections officer and earns a monthly income of $1,900.00; (2) her spouse is employed and earns a monthly income of $1,900.00[1]; (3) in the past 12 months, she has received "other income" in the amount of $448.00 monthly for social security benefits; (4) she currently has no cash on hand or money in a savings or checking account; (5) as property she lists: a "Toyota 4X4" valued at $300.00, a "3 Bedroom House 6.3 Acre, a "Chevy Cavilier four door car" and a "nova boat and trailer"; (6) she lists four dependents; (7) her debts consist of a mortgage ($535.00 per month/$55,550.00 total debt), a motor vehicle note

---

[1]The Court notes that in <u>Lee v. McDonald's Corporation</u>, 231 F.3d 456 (8th Cir. 2000), the Eighth Circuit Court of Appeals held that plaintiff's in forma pauperis status was to be based upon his financial status, independent of his wife's assets to which she had denied him access. In the case at hand, it is unclear whether plaintiff has access to her husband's monthly income. Regardless, plaintiff's financial information alone is sufficient to deny her leave to proceed in forma pauperis.

($370.20 per month/$3,750.00 total debt), a boat note ($190.20 per month/$6,550.00 total debt), and other expenditures and debts listed as "child support and insurance" ($325.00 per month).

## Discussion

Title 28 U.S.C. § 1915(a)(1) provides, in pertinent part, that "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without payment of fees or security therefor, by a person who makes affidavit . . . that the person is unable to pay such fees or give security therefor." This statutory provision guarantees that no citizen shall be denied access to the federal courts "solely because . . . poverty makes it impossible . . . to pay or secure the costs" of litigation. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948). The decision to grant or deny in forma pauperis status is within the discretion of the district court. Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983).

Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially able to pay the filing fee of Two Hundred and Fifty Dollars ($250). See 28 U.S.C. § 1914(a).

Therefore,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall have thirty (30) days from the date of this order to pay the $250 filing fee.[2]

---

[2]The Court notes that if plaintiff pays the filing fee, she will be responsible for serving the summons and the complaint upon the defendant, see Fed. R. Civ. P. 4(c), or requesting the defendant to waive service of summons. See Fed. R. Civ. P. 4(d). Plaintiff is advised that she may seek guidance on serving the defendant from the Office of the Clerk.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the filing fee within thirty (30) days, the Court will dismiss this action, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

So Ordered this 18th Day of July, 2005.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**